UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CHARLES LEE DEWEY, III,** | |
| **Plaintiff,** | |
| v. | No. 1:24 CV 530 |
| **GOULD and THOMAS,** | |
| **Defendants.** | |

### OPINION and ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that on November 5, 2024, Officer Gould served him a breakfast that was cold and had hair in it. Gould said he would replace the "unwholesome" food and took the meal tray back, but he never returned with a replacement. (DE # 1 at 2.) Dewey alleges Gould later told him that Corporal Thomas instructed him not to replace the tray. Dewey complains that this resulted in him not being fed that morning, causing him stress, hunger, weakness, headache, and depression.

Public records reflect that Dewey was sentenced on one of his criminal cases on September 6, 2024. *See State v. Dewey*, No. 02D05-2012-F1-000024 (Allen Super. Ct. decided Sept. 6, 2024) (sentenced on September 6, 2024). This means that when this incident happened on November 5, 2024, the Eighth Amendment standards applicable to convicted prisoners governed. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). To trigger the Eighth Amendment, the plaintiff must have experienced a deprivation that is "sufficiently serious" such that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. One missed meal is not the type of extreme deprivation that would support an Eighth Amendment claim. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012); *see also Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010) (concluding 17 missed meals over 23 days was not an Eighth Amendment violation because plaintiff had not shown that missing his meals caused serious harm or lasting detriment).

This complaint does not state a claim for which relief can be granted. If Dewey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Charles Lee Dewey, III until **August 29, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Charles Lee Dewey, III that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: July 25, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT